WALLACE M. ALLAN (Bar No. CA 102054)
HALEY MCINTOSH (Bar No. CA 229687)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Tel.: (213) 430-6000, Fax: (213) 430-6407

LOUIS B. KIMMELMAN (admitted *pro hac vice*)
ANDREW RHYS DAVIES (admitted *pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 610-6300, Fax: (212) 610-6399

*Attorneys for Defendant*
DEUTSCHE BANK AG

ADAM PINES (Bar No. CA 172374)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Tel.: (310) 312-4322, Fax: (310) 914-5820

JEFFREY L. NAGEL (admitted *pro hac vice*)
THOMAS R. VALEN (admitted *pro hac vice*)
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Tel.: (212) 613-2061, Fax: (212) 554-9661

NOTE CHANGES MADE BY THE COURT.

*Attorneys for Defendant*
DRESDNER BANK AG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VAROUJAN DEIRMENJIAN, et al.,

             Plaintiffs,

     v.

DEUTSCHE BANK, A.G., et al.

             Defendants.

Case No. CV 06-00774 MMM (RCx)

Filed : January 12, 2006
Judge: Hon. Margaret M. Morrow

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER

1

## STIPULATED PROTECTIVE ORDER

2    WHEREAS, in the above-referenced action (the "Action") Plaintiffs seek damages
3  and other relief arising out of bank deposits allegedly made by individuals of Armenian
4  descent during the period 1875-1915 at several banks in the Ottoman Empire;

5    WHEREAS, the fair and just resolution of this matter may necessitate the
6  production of documents, certain of which may be included in briefs and other documents
7  filed with this Court, containing confidential information relating to bank accounts and
8  customers that is or may be subject to statutory, regulatory, contractual, or other legal or
9  commercial obligations of confidentiality;

10    WHEREAS, in the interest of facilitating the just, speedy, and inexpensive
11  determination of this action, and to protect the legitimate interests of the parties and others
12  in maintaining the confidentiality of certain private, confidential and/or proprietary
13  information that may be disclosed;

14    Plaintiffs Varoujan Deirmenjian, Aris Aghvazarian, Robert Dabaghian, Marguerid
15  Jeredjian, Katia Kermoyan, and Paylig Kermoyan ("Plaintiffs") and Defendants Deutsche
16  Bank AG and Dresdner Bank AG ("Defendants") (collectively, the "Parties"), by and
17  through their respective counsel, hereby stipulate to, and seek the Court's approval of, the
18  following Protective Order:

19    IT IS HEREBY ORDERED THAT:

20    1.    Pursuant to Fed. R. Civ. P. 26(c)(1)(G), "Confidential Information" as used
21  herein means trade secrets or other confidential research, development, or commercial
22  information that the designating party believes to be of a proprietary business, financial,
23  or technical nature and not readily available to competitors, potential competitors, and/or
24  other non-parties.  Without prejudice to the generality of the foregoing, "Confidential
25  Information" also means any material that constitutes or contains private and/or
26  confidential information relating to bank depositors, customers or clients which
27  information is or may be confidential pursuant to statutory, regulatory, contractual, or
28  other legal or commercial obligations.

2.    Documents which the producing party in good faith believes contain Confidential Information, shall be designated as confidential by the producing party at the time of production by means of a "CONFIDENTIAL" stamp or legend placed on each page containing Confidential Information.

3.    Any document that contains information designated as Confidential Information, including, without limitation, any pleading, motion, memorandum, deposition notice or exhibit, interrogatory, request for document production, subpoena, or response to an interrogatory or request for production, or that reproduces, paraphrases, summarizes, or encloses information designated as Confidential Information, if filed with the Court, shall be filed under seal in accordance with Local Rule 79-5. ~~in an envelope on which shall be endorsed the title of this Action, the nature of the contents of the envelope, the word "CONFIDENTIAL,"~~ and the following (or similar) statement:

> This envelope contains information covered by the STIPULATED PROTECTIVE ORDER dated _____ and is not to be opened nor the contents revealed except in accordance with the terms of the STIPULATED PROTECTIVE ORDER or under the Court's instruction and supervision.

~~Such information shall be kept under seal by the Clerk of this Court.~~

4.    Testimony given at a deposition may be designated as Confidential Information by making a statement to that effect on the record during the deposition. Within thirty (30) days of receipt of a transcript or recording of a deposition, the parties may also designate such transcript or recording or any portion thereof, by notifying all parties, in writing, of the specific pages and lines of the transcript or recording which should be treated as Confidential Information. All deposition transcripts or recordings shall be treated as Confidential Information under the terms of this Protective Order for thirty (30) days after receipt of the transcript or recording, or until notice of a designation is received, whichever occurs first.

5.    All documents and information produced in the Action shall be used only for purposes of this Action, and shall not be used for any other litigation or any other

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER

1   purpose whatsoever.

2        6.      Confidential Information must be maintained in confidence and may be

3   disclosed only to the following "Qualified Persons" as defined herein.  For purposes of

4   this Order, "Qualified Persons" means:

5        (a)     the Court (and any appellate court), including court personnel, jurors and

6                alternative jurors;

7        (b)     any magistrate or Special Master appointed by the Court in this Action to

8                preside over any hearing(s) in this Action and any of his or her staff;

9        (c)     court reporters;

10       (d)     counsel to the parties to the Action, and the paralegal, clerical, secretarial

11               staff, and other persons employed or retained by such counsel;

12       (e)     the parties to the Action;

13       (f)     vendors providing copying or other duplication services to counsel in the

14               Action; and

15       (g)     experts, advisors or consultants (including their employees and support

16               staff) retained by counsel of record in the Action.

17       7.      Prior to the disclosure of Confidential Information to any Qualified Persons

18   defined in paragraph 6(g) herein, counsel of record for the party or non-party proposing to

19   make such disclosure shall ensure that a copy of this Order has been delivered to such

20   person, and shall require that the Qualified Persons receiving the disclosure read this

21   Order.  Counsel shall also require all such persons to sign the form attached as Exhibit

22   "A" to this Order, which is an "Acknowledgment of Stipulated Protective Order"

23   ("Acknowledgement").  Counsel requiring such persons to sign such Acknowledgement

24   shall maintain the signed Acknowledgement and make it available to the opposing party

25   upon request.  Acknowledgements signed by non-testifying expert consultants need not be

26   disclosed unless such non-testifying experts are later designated as testifying experts.  A

27   non-party's refusal to sign such an Acknowledgement prior to a deposition shall not

28   prevent the taking of that non-party's deposition.  Instead, counsel for the designating

3

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER

1   party shall be allowed to designate portions of the deposition transcript as Confidential

2   Information pursuant to Paragraph 4 of this Order.

3       8.      Any party to the Action to whom Confidential Information is produced or

4   disclosed may object at any time to the "Confidential Information" designation.  The

5   objection shall be made in writing to counsel for the designating party or non-party.

6   Counsel shall confer in good faith in an effort to resolve any dispute concerning such

7   designation.  If the objection cannot be resolved by agreement within five (5) business

8   days of the date of service of the written objection, the designating party or non-party

9   shall move the Court to confirm the Confidential Information designation.  Failure to   *after complying with local Rule 37,*

10  make such motion in a timely fashion shall constitute a waiver of the "Confidential

11  Information" designation.  Any opposition to such motion shall be filed within five (5)

12  business days of the filing of such motion;

13      (a)     In the event that a motion to confirm a "Confidential Information"

14  designation is made in a timely manner, the document or information whose designation is

15  objected to shall continue to be treated as Confidential Information until the motion has

16  been decided by the Court; and

17      (b)     In the event that a motion to confirm a "Confidential" designation is

18  denied, the designating party or non-party shall cause the "CONFIDENTIAL" legend to

19  be removed from such documents and cause the documents to be re-produced within ten

20  (10) business days following entry of the Court's order.

21      9.      Nothing herein shall prevent any party or non-party who has received

22  Confidential Information pursuant to this Protective Order from producing such

23  Confidential Information in response to a lawful subpoena or other compulsory process;

24  provided that any party or non-party receiving such subpoena or process shall:  (i) give

25  notice to the designating party or non-party by telephone or facsimile as soon as

26  reasonably practical and furnish the designating party or non-party with a copy of the

27  subpoena or other compulsory process so as to afford the designating party a reasonable

28  opportunity to seek a protective order; and (ii) not produce such Confidential Information

prior to receiving a court order or the consent of the designating party or non-party if an
application for a protective order is made promptly before the return date for the
subpoena.  The notices required by this paragraph shall be provided to:

Counsel for Plaintiffs:

BRIAN S. KABATECK
RICHARD L. KELLNER
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071
Tel:  (213) 217-5000
Fax:  (213) 217-5010

Counsel for Plaintiffs:

MARK J. GERAGOS
SHELLEY R. KAUFMAN
GERAGOS & GERAGOS APC
644 South Figueroa Street
Los Angeles, CA 90017
Tel:  (213) 625-3900
Fax:  (213) 625-1600

Counsel for Plaintiffs:

VARTKES YEGHIAYAN
YEGHIAYAN & ASSOCIATES
535 N Brand Blvd, Ste 270
Glendale, CA 91203
Tel:  (818) 242-7400
Fax:  (818) 242-0114

Counsel for Deutsche Bank AG:

LOUIS B. KIMMELMAN
ANDREW RHYS DAVIES
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY  10020
Tel.: (212) 610-6300
Fax: (212) 610-6399

Counsel for Dresdner Bank AG:

JEFFREY L. NAGEL
THOMAS R. VALEN
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY  10119-3701
Tel.: (212) 613-2061
Fax: (212) 554-9661

10.    Compliance with the terms of this Agreed Protective Order shall not operate
as an admission that any particular document or information is or is not Confidential
Information.

11.    Nothing contained herein shall operate to prevent any party or non-party to
the Action from disclosing its own Confidential Information.

12.    The inadvertent or unintentional disclosure of documents or things that
contain Confidential Information without their being designated as Confidential
Information at the time of production or disclosure shall not constitute a waiver of the

5

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER

1  disclosing party's claim of confidentiality or right to designate as Confidential

2  Information such materials or any other documents or deposition testimony if, within

3  thirty (30) days of counsel learning of such disclosure, the disclosing party or non-party

4  gives notice of its intention to designate the previously disclosed discovery materials as

5  Confidential Information.  Upon giving such notice, the designating party or non-party

6  shall provide the party to whom the documents or things were produced with a new set of

7  such documents, properly designated as Confidential Information.  The receiving party

8  shall then destroy all copies of the documents that were inadvertently not marked as

9  Confidential Information.

10       13.     The parties agree that the protections available to a designating party

11  hereunder extend to any non-party subject to discovery in the Action.

12       14.     This Order may be modified only by further order of the Court, or by written

13  stipulation of the parties.

14       15.     The Court retains ~~continuing~~ jurisdiction, for 30 days subsequent to any settlement or

15  entry of judgment to enforce the terms of this Order.

16       16.     All Confidential Information and all copies thereof shall be destroyed within

17  thirty (30) days after conclusion of the Action, including all appeals.  Counsel for the non-

18  designating party shall certify in writing to counsel for the designating party that such

19  ///

20  ///

21  ///

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER

1    materials have been destroyed.  Additionally, all notes, memoranda or other file materials

2    referencing Confidential Information shall remain subject to this Order.

3    IT IS SO STIPULATED:

4        Dated:  March 11, 2008                O'MELVENY & MYERS LLP
                                                WALLACE M. ALLAN
5
                                                By: /s/ Wallace M. Allan
6                                               Wallace M. Allan
                                                *Attorneys for Defendant*
7                                               DEUTSCHE BANK AG

8        Dated:  March 11, 2008                MANATT, PHELPS & PHILLIPS, LLP
                                                ADAM PINES
9
                                                By: /s/ Adam Pines
                                                Adam Pines
10                                              *Attorneys for Defendant*
                                                DRESDNER BANK AG
11
12       Dated:  March 11, 2008                KABATECK, BROWN, KELLNER LLP
                                                REZA SINA
13
                                                By: /s/ Reza Sina
                                                Reza Sina
14                                              *Attorneys for Plaintiffs*

15       Dated:  March 11, 2008                GERAGOS & GERAGOS APC
                                                SHELLEY R. KAUFMAN
16
                                                By: /s/ Shelly R. Kaufman
17                                              Shelley R. Kaufman
                                                *Attorneys for Plaintiffs*

18       Dated:  March 11, 2008                YEGHIAYAN & ASSOCIATES
                                                VARTKES YEGHIAYAN
19
                                                By: /s/ Yartkes Yeghiayan
20                                              Yartkes Yeghiayan
                                                *Attorneys for Plaintiffs*
21

22                                         **ORDER**

23   IT IS SO ORDERED, *as amended at paras. 3, 8, 14 and 15.*

24

25   DATED:  3/13/08                          _____ M. Ch_____

26                                            Hon. Rosalyn M. Chapman
                                              United States Magistrate Judge
27

28

1  **UNITED STATES DISTRICT COURT**

2  **CENTRAL DISTRICT OF CALIFORNIA**

3

4  VAROUJAN DEIRMENJIAN, *et al.*,

5      *Plaintiffs*,

6      vs.

7  DEUTSCHE BANK, A.G., *et al.*,

8      *Defendants*.

9

Case No.  CV 06-00774 MMM (RCx)

Filed :    January 12, 2006
Judge:   Hon. Margaret M. Morrow

**ACKNOWLEDGMENT OF
STIPULATED PROTECTIVE ORDER**

10  **<u>Exhibit A</u>**

11  **<u>ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER</u>**

12  I hereby acknowledge that I have read the Agreed Protective Order in the above-captioned

13  matter and I agree to be bound by its terms.  I also agree to submit to the jurisdiction of

14  the United States District Court, Central District of California, Western Division,

15  California for enforcement of said Order.

16

17  DATED: _____

18

19

20  _____
    Signature

21

22

23

24  _____
    Print Name

25

26

27  41216585.1

28

[PROPOSED] FIRST AMENDED
STIPULATED PROTECTIVE ORDER